IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARY CAROL BOMAN STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:21-cv-495-ECM |
| ) | (WO) |
| ) | |
| WILLIAM JOSEPH EDWARDS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Now pending before the Court is Plaintiff Mary Carol Boman Stevens' ("Plaintiff") Motion to Remand to State Court and Request for Award of Attorneys' Fees (doc. 14). The Plaintiff asks this Court to remand her suit against William Joseph Edwards ("Edwards"), his employer Moore & Balliew Oil Company, Inc. ("Moore & Balliew"), and Alfa Mutual Insurance Company ("Alfa") (collectively, "Defendants") back to the Circuit Court of Macon County, Alabama. The Plaintiff argues that removal was improper because both she and Alfa are citizens of the State of Alabama, and thus, complete diversity does not exist, and the Court is without subject matter jurisdiction. Additionally, the Plaintiff argues that because the Defendants lacked any objectively reasonable basis for removal, she is entitled to an award of attorneys' fees and costs. In response, the Defendants assert that Alfa is only a nominal party to the controversy who should not be considered for

diversity purposes, and thus that jurisdiction exists, and that either way, there existed an objectively reasonable basis for removal such that an award of attorneys' fees is improper.

Upon consideration of the motion and for reasons that follow, the Court concludes that the motion to remand (doc. 14) is due to be DENIED.

## II.     FACTS AND PROCEDURAL HISTORY

On or about May 27, 2020, the Plaintiff was stopped in traffic, driving southbound[1] on Interstate 85 in Macon County, Alabama.  At the same time, Defendant Edwards was driving a tractor-trailer, owned by his employer, Defendant Moore & Balliew, south on Interstate 85.  With traffic stopped ahead, Defendant Edwards was unable to stop his tractor-trailer in time, lost control, and collided with the rear of the Plaintiff's vehicle, injuring her.  At the time, the Plaintiff's car was insured by Defendant Alfa under a policy that included an under/uninsured motorist provision.

The Plaintiff sued in the Circuit Court of Macon County, Alabama on June 16, 2021. In her complaint, she asserted claims of negligence and wantonness against Edwards, and claims of vicarious liability, and negligence or wantonness in hiring, training, and supervision against Moore & Balliew.  She also sued Alfa, alleging that she is "entitled to receive underinsured motorist benefits and/or uninsured motorist benefits as medical pay coverage from [Alfa]" owing to the inability of the other Defendants to satisfy an entire judgment in her favor. (Doc. 1-1, para. 40).

---

[1] The Plaintiff's complaint indicates that she "was operating her motor vehicle traveling [s]outh" on I-85. (Doc. 1-1, para. 7).  However, her motion to remand states that her case "arises out of [] an automobile crash on U.S. I-85 *northbound*." (Doc. 14 at 1) (emphasis added).  The Court here conveys the facts as asserted in the complaint, though notes such fact is immaterial to its resolution of this motion.

On July 15, 2021, Alfa answered and, separately, moved for a HIPAA protective order. In its answer, Alfa admitted that the Plaintiff was covered under the alleged policy, but specifically denied that the crash was caused by Edwards' negligence; that the Plaintiff was injured because of any negligence or wantonness of the other Defendants; that the other Defendants were underinsured; and that the Plaintiff was entitled to receive any underinsured motorist benefits. Alfa also asserted several affirmative defenses. Later, in response to the Plaintiff's request for admission, Alfa declined to admit that the Plaintiff "is legally entitled to uninsured/underinsured motorist coverage" and that the Plaintiff's driving was not a contributing cause of the accident. (Doc. 14-1 at 4–5).

On July 23, 2021, Defendants Edwards and Moore & Balliew removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[2] Alfa consented to the removal, and the Defendants noted that since the Plaintiff "does not directly assert any claims or causes of action against [Alfa]," its presence in the case was nominal and was not to be "considered for purposes of diversity jurisdiction." (Doc. 1, para. 3) (citation omitted). The removal asserted that since the Plaintiff was a citizen of Alabama, and Defendants Edwards and Moore & Balliew were citizens of South Carolina, complete diversity existed, and this Court has jurisdiction.[3] The Plaintiff moved the Court to remand the case on August 18, 2021.

---

[2] Defendant Moore & Balliew was served on June 24, 2021, making the removal on July 23 timely. (Doc. 1, para. 6).

[3] The removal also asserts that the amount in controversy requirement for federal diversity jurisdiction is met. (Doc. 1, paras. 8–15). The Plaintiff agrees "that her claim for injuries is well in excess of $75,000.00," and so does not challenge the removal on that basis. (Doc. 14 at 9).

3

Less than a week after the Plaintiff filed her motion, Alfa filed a Notice of Election to Opt Out of Proceedings. (Doc. 18). Alfa "waive[d] the right to be present at trial, and agree[d] to be bound by any determinations by the trier of fact on the issues of liability and damages, but only as to the uninsured or underinsured motorist claims." (*Id.* at 1). However, Alfa "reserved the right to re-enter the case . . . in the event that an underlying settlement agreement is reached between the other parties" or if those parties stopped "actively defending the case." (*Id.*).

The Court turns now to the Plaintiff's motion.

### III.   DISCUSSION

Though a plaintiff is the master of her claim, her power is not plenary. Instead, a defendant has the power to remove from state court to federal court any "action[] that originally could have been filed" in that federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Federal courts, however, are courts of limited jurisdiction—they possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction—the burden of establishing the contrary lies with the party asserting jurisdiction. *Id.* This burden to establish jurisdiction via a proper removal is "a heavy one." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When a plaintiff properly moves to remand a removed case, any questions or doubts as to jurisdiction are to be resolved in favor of returning the matter to state court. *Id.* A court must evaluate its jurisdiction as of the time of removal. *Ehlen Floor*

*Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("The existence of federal jurisdiction is tested as of the time of removal.") (citation omitted).

The Defendants assert that jurisdiction lies in this Court on diversity grounds. (Doc. 1, paras. 4, 7). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

Here, complete diversity appears lacking: both the Plaintiff and Defendant Alfa are citizens of Alabama. (Doc. 1-1, paras. 1, 4). However, notwithstanding that clear problem, the Defendants argue that Alfa is only a nominal party to the action and should not be considered for diversity purposes. (Doc. 1, para. 3). A Court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). If the Defendants are correct, this is a suit between a citizen of Alabama and two citizens of South Carolina, and so diversity jurisdiction (and hence, removal) is proper.[4]

Alfa is a party to the dispute pursuant to Alabama's framework for underinsured motorist policy holders. Under Alabama law, when a plaintiff covered by an underinsured motorist policy sues a motorist for damages, she can either "join as a party defendant his

---

[4] The Plaintiff also asserts claims against three fictitious defendants. (*See* Doc. 1-1, paras. 2, 5). The Court disregards these defendants, as the Federal Rules of Civil Procedure do not generally provide for fictitious party practice. *See* Fed. R. Civ. P. 10(a) ("[I]n the complaint, the title of the action shall include the names of all the parties . . . .").

own liability insurer," or can merely "give it notice of" the action and the possibility of an underinsured motorist claim upon the suit's conclusion. *Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988). If the plaintiff chooses the former, the insurer has the right to either "participate in the trial," or to opt out of the proceedings. *Id.* No matter what the insurer chooses, it is "bound by the factfinder's decisions on the issues of liability and damages." *Id.*

The Plaintiff here chose to join Alfa as a party defendant, leaving Alfa the choice to participate if it wished. The Defendants assert that Alfa has chosen not to participate, noting that it has opted out of the litigation. (Doc. 19 at 4). The Defendants argue that Alfa is a nominal party and its citizenship is immaterial to a determination of complete diversity. They point out that the Plaintiff brings no direct claim against Alfa, but rather only against Edwards and Moore & Balliew, and so Alfa's citizenship should be disregarded. (Doc. 1, para. 3).

In support, the Defendants rely upon *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989). In *Broyles*, a Tennessee plaintiff, rear-ended as he sat parked aside a road, sued the Georgia driver in federal court. *Id.* at 1401. Pursuant to Tennessee law, the plaintiff also served a copy of the suit on his Tennessee uninsured motorist carrier. *Id.* The insurance carrier moved the district court to dismiss the action, arguing that since it and the plaintiff were both citizens of Tennessee, complete diversity was lacking, and the court was without jurisdiction. *Id.* The district court agreed. *Id.*

The Eleventh Circuit reversed. *Id.* at 1402. A real party in interest, the court explained, is one with "a real and substantial stake in the litigation and who exercises

substantial control over the litigation" *Id.* at 1403 (citing *Navarro Sav. Ass'n*, 446 U.S. at 465). However, that easy determination "breaks down in the area of insurance law because of the courts' historic treatment of insurance companies in tort litigation." *Id.* at 1403–04. In these tort cases, an insurance company may have a real and substantial stake in the litigation but is nevertheless "not treated as [a party] to an action involving [its] insured." *Id.* at 1404.

The court observed that Tennessee law placed underinsured motorist carriers "in the same position as that of the tortfeasor's own insurer," such that their "status as a party turns on the same principles as are generally applied in liability insurance law." *Id.* at 1403. Because insurance companies typically defend their insureds "*in cognito* so as to preserve [the company's] anonymity and remain undetected by a jury," the baseline presumption should be that an insurance company is a nominal party. *Id.* at 1404 (quotations omitted).

However, that principle is not without exception. The *Broyles* court explained that an insurance company should instead be considered a real party in interest when it has "become subrogated to the rights of [its] insured after payment of the loss, . . . [is] defending actions brought directly against [it], or . . . [it] must assume primary and visible control of the litigation." *Id.* at 1404. The court found that no exception applied, and so held that the insurance company was just a nominal party. *Id.* at 1405–06.

Though *Broyles* was decided under Tennessee law, the Defendants also point to *Toole v. Chupp*, in which the court found that the considerations laid out in *Broyles* applied with equal force to the same scenario under Alabama law. 456 F. Supp. 2d 1218 (M.D. Ala. 2006). In *Toole*, after an automobile accident, the plaintiff victim and her husband,

7

citizens of Alabama, sued the driver and the vehicle owner, citizens of Georgia, in federal court. *Id.* at 1219. The plaintiff also named her Alabama underinsured motorist insurer, Alfa, as a party defendant. *Id.* Applying the same factors discussed in *Broyles*, the court found that Alfa, which had opted out pursuant to Alabama law at the time of removal, should not be considered a real party for diversity purposes. *Id.* at 1222. As was "apparent from the record," Alfa was not defending an action brought directly against it, but rather was a party to the dispute "for the sole purpose . . . [of] notice" of the suit. *Id.* at 1221. The insurance company would sit back as the parties "litigate[d] entirely the issue of fault, upon which any issue concerning [its] policy is contingent." *Id.* at 1222. Thus, the insurance company's limited involvement was "insufficient to take it outside the general rule that [liability insurance companies] are usually not treated as parties to an action involving their insured." *Id.* (quotations omitted) (alterations in original).

While *Toole* is not binding on this Court, the Court finds its reasoning convincing. Though Tennessee law guided the *Broyles* court, Alabama law places underinsured motorist carriers in a similar position. Under either, the insurance company can be named a party to the suit, and the extent of its participation lies solely within its discretion. *Id.* at 1221. Given the similarities between the system established in Tennessee and in Alabama for underinsured motorist claims, this Court finds the considerations discussed in *Broyles*, and applied in *Toole*, applicable to the instant case. And just as the court did in *Toole*, so too does the Court here find that Alfa is a nominal party, irrelevant for diversity purposes.

8

The Court starts with the baseline presumption that Alfa is a nominal party. For the Court to find that presumption overcome, Alfa must have taken steps that clearly indicate it falls instead under one of the three exceptions explained in *Broyles*. It has not done so.

That is not to say Alfa has not participated here—it clearly has. It has answered the Plaintiff's complaint, denied liability, asserted affirmative defenses, sought a HIPAA protective order, and expounded minimal discovery. (*See* Doc. 1-2 at 21–30; *see also* Amended-Notice of Service of Discovery Documents, *Stevens v. Edwards*, CV-2021-900065 (Macon Cnty. Ct. June 16, 2021), Doc. 28; Motion for HIPAA Order, *Stevens*, CV-2021-900065, Doc. 31). In other cases, similar participation led to findings that the defendant insurers were not nominal. For example, the court in *Summerlin v. Nelson*, 2017 WL 2177361 (M.D. Ala. Apr. 21, 2017), *report and recommendation adopted*, 2017 WL 2177337 (M.D. Ala. May 17, 2017), faced the same question the Court does here. In finding that the defendant insurer, Alfa, was not a nominal party to the case, the court thought probative that the insurer "engaged in the litigation process" by requesting discovery, filing "a protective order for Plaintiff's medical records," and filing an answer to the complaint. *Id.* at *4; *see also James v. Mejia*, 512 F. Supp. 3d 1255 (M.D. Ala. 2021) (finding an insurer to be a real party in interest when it had, among other things, filed an answer, served the plaintiff with requests for production, and sought a medical record protective order).

But context matters. Though this case presents some facial similarity with *Summerlin* or *James*, a key distinction sets it apart: in both of those cases, the insured plaintiff brought a separate breach of contract claim *against the insurer itself*. *Summerlin*,

9

2017 WL 2177361, at *1; *James*, 512 F. Supp. 3d at 1256, 1259. The court in each explained that the insurer could not be a nominal party because "the record indicate[d] that [the insurer was] defending an action brought directly against it." *James*, 512 F. Supp. 3d at 1256; *accord Summerlin*, 2017 WL 2177361, at *5 (explaining that due to the plaintiff's breach of contract claim, there was "a live controversy between" the plaintiff and insurer). Crucially, the *Summerlin* court *agreed* that the actions that the insurer there undertook— answering the plaintiff's complaint, seeking a HIPAA order, requesting minimal discovery—standing alone did "*not* suggest that [the defendant insurer was] manning the litigation ship." *Summerlin*, 2017 WL 2177361, at *4 (emphasis added). It was that those actions were taken under the light of an independent claim, rather than mere notice, that led the court to find the insurer more than a nominal party. *Id.* at *5–6.

No such claim exists here: the Plaintiff does not assert any direct claims against Alfa. The only count that mentions Alfa is Count VII for under/uninsured motorist benefits. (Doc. 1-1, paras. 35–40). If the claims against the other defendants were to vanish, so would the "claim" asserted against Alfa—nothing else independently sustains a conflict between Alfa and the Plaintiff.

This fact colors Alfa's behavior. Rather than following in the footsteps of *Summerlin* or *James*, this case is more like *Toole* or *Tompkins v. Craft*, 2008 WL 5381250 (M.D. Ala. Dec. 22, 2008). The plaintiff in neither *Toole* nor *Tompkins* asserted any direct claim against the insurer. Instead, those plaintiffs named the insurers "as . . . defendant[s] for the sole purpose, as required by Alabama law, of putting [them] on notice of the pendency [of] litigation and giving [them] the opportunity to participate or opt out." *Toole*,

10

456 F. Supp. 2d at 1221; *accord Tompkins*, 2008 WL 5381250, at *2. Without an independent live controversy between the plaintiffs and the insurers, the courts in both cases denied remands. *Toole*, 456 F. Supp. 2d at 1222; *Tompkins*, 2008 WL 5381250, at *2.

It is true that in both *Toole* and *Tompkins*, the defendant insurers had opted out of the litigation at the time of removal. *Toole*, 456 F. Supp. 2d at 1222; *Tompkins*, 2008 WL 5381250, at *2. It is true too that the insurers in *Summerlin* and *James* had not yet done so. *Summerlin*, 2017 WL 2177361, at *4; *James*, 512 F. Supp. 3d at 1260. The Plaintiff makes much of the fact that at removal, Alfa had not opted out, much like the latter. She is correct about that. This case was removed on July 23, 2021. (Doc. 1 at 1). Alfa opted out of the proceedings thirty-two days later on August 24, 2021. (Doc. 18).

But the analysis in *Broyles* extends more broadly than just the presence, or lack thereof, of an opt-out. Nothing Alfa did before removal overcomes the presumption that it is a nominal party here. Alfa has not been "subrogated to the rights of [its] insured after payment of the loss," is not "defending actions brought directly against [it]," and has not "assume[d] primary and visible control of the litigation." *Broyles*, 878 F.2d at 1404. The Court is not so rigid as to *require* a clear opt-out at the time of removal if the insurer does not otherwise implicate these exceptions.

Indeed, the Plaintiff's position would place an unfair and unrealistic burden upon insurers in these kinds of lawsuits. The insurer must have the opportunity to *determine* whether an opt-out is appropriate before being expected to do so. *Cf. James*, 512 F. Supp. 3d at 1259 (emphasis added) (considering that the insurer had not filed an opt out

11

"either in state court *or after removal*" in deciding whether the insurer was a nominal party). The Court will not fault Alfa for researching the game before declining to play.[5]

## IV. CONCLUSION

Since the Court finds Alfa a nominal party, it does not consider Alfa's citizenship for diversity purposes. As such, this is a dispute between a citizen of Alabama and two citizens of South Carolina concerning an amount greater than $75,000. Thus, diversity jurisdiction is proper, and a remand is not.

Therefore, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 14) is DENIED.

DONE this 11th day of January, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Separately, the Plaintiff also requests that the Court award her attorneys' fees related to this removal pursuant to 28 U.S.C. § 1447(c). (Doc. 14 at 11–13). She argues that the Defendants lacked "an objectively reasonable basis for removal," (*id.* at 11) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005)), and so an award of fees is warranted. Because the Court finds not only that the Defendants had an objectively reasonable *basis* for removal, but that removal was proper, it declines to award her attorneys' fees pursuant to § 1447(c).