IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARY CAROL BOMAN STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:21-cv-495-ECM |
| ) | (WO) |
| ) | |
| WILLIAM JOSEPH EDWARDS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Now pending before the Court are Plaintiff Mary Carol Boman Stevens' ("Stevens") Motion and Supplemental Motion for Leave to File Amended Complaint. (Docs. 30, 32).[1] Stevens seeks to add a claim for breach of contract against (nominal) Defendant Alfa Mutual Insurance Company ("Alfa"). Because the amendment is futile, the motions are due to be DENIED.

### II.   BACKGROUND

The Court detailed the factual and procedural background of this case in an earlier order. (*See* Doc. 22 at 2–4). In that order, the Court found that Alfa was a nominal party to the suit, that its presence did not destroy diversity jurisdiction, and thus that a remand to

---

[1] Stevens' supplemental motion is substantively identical to her original motion, and so the Court addresses the two together.

state court was inappropriate.  After the Court did so, Stevens filed the motions the Court now considers.  In them, Stevens seeks to amend her complaint, hoping to assert a new claim for breach of contract against Alfa.  If she is allowed to do so, Alfa would no longer be a nominal defendant, complete diversity would no longer exist here, and a remand would be required.

The Court turns now to the Plaintiff's motions.

### III.   DISCUSSION

A party may amend its complaint with the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).  Such leave should be freely given "when justice so requires." *Id.*   Therefore, because that "mandate is to be heeded," the Court must provide a "justifying reason" if it declines to grant such leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

One such justifying reason is if the amendment would be futile. *Id.*  To find an amendment futile is a legal conclusion that the claim the amendment seeks to add would necessarily fail. *See St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).  Put another way, "a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss." *Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326–27 (11th Cir. 2001)); *see also Montes v. M & M Mgmt. Co.*, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) ("[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." (citations omitted)).

Stevens asks to assert a breach of contract claim against Alfa. She alleges that because Alfa has refused to pay uninsured/underinsured motorist benefits, which she believes she is entitled to under their insurance contract, Alfa is in breach of that contract.

Stevens' requested amendment is futile. "Alabama courts have made clear that '[t]here can be no breach of an uninsured motorist contract . . . until the insured proves that [s]he is legally entitled to recover.'" *Broadway v. State Farm Mut. Auto. Ins. Co.*, 683 F. App'x 801, 805 (11th Cir. 2017) (first alteration in original) (quoting *LeFevre v. Westberry*, 590 So. 2d 154, 158 (Ala. 1991)). To demonstrate that she is legally entitled to recover under her underinsured motorist contract, Stevens "must be able to establish fault on the part of the [underinsured] motorist, which gives rise to damages and must be able to prove the extent of those damages." *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005). "Without a determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages, a claim of . . . breach of contract is premature." *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005). Such a claim "*must* be dismissed, without prejudice, for lack of subject-matter jurisdiction." *Broadway*, 683 F. App'x at 805 (emphasis added) (citing *Pontius*, 915 So. 2d at 564)).

Stevens has not yet demonstrated that she is legally entitled to recover—indeed, that is the entire point of the case here. Unless and until she prevails in this suit, establishing both that the Defendants were liable for her damages, as well as the amount of those damages, Stevens cannot assert a breach of contract claim against Alfa. Because any claim

to that effect would have to be dismissed for lack of subject matter jurisdiction, Stevens' requested amendment is futile, and the Court declines to grant leave to add it.

## IV.  CONCLUSION

Therefore, for good cause, it is

ORDERED that the Plaintiff's motions to amend (docs. 30, 32) are DENIED.

DONE this 15th day of June, 2022.

                                        /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE