IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARY CAROL BOMAN STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 3:21-cv-495-ECM |
| ) | (WO) |
| SANDRA GAIL EDWARDS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Now pending before the Court is Plaintiff Mary Carol Boman Stevens' ("Plaintiff") Renewed Motion to Remand. (Doc. 38).  The Plaintiff asks this Court to remand her suit against William Joseph Edwards ("Edwards") and his employer Moore & Balliew Oil Company, Inc. ("Moore & Balliew") (collectively, "Defendants") back to the Circuit Court of Macon County, Alabama.  The Plaintiff argues that although this Court previously found Alfa, his uninsured motorist carrier,[1] to be a nominal party, and thus not considered for diversity purposes, Alfa has subsequently actively participated in discovery.  As such, she claims, Alfa is no longer considered a nominal party and should defeat diversity jurisdiction.  In response, the Defendants assert that Alfa has not actively participated in the litigation and thus does not defeat diversity jurisdiction.

---

[1] As statutorily defined, "uninsured motorist" includes "underinsured motorist." 1975 ALA. CODE § 32-7-23(b).

Upon consideration of the motion and for reasons that follow, the Court concludes that the renewed motion to remand (doc. 38) is due to be DENIED.

## II.  FACTS AND PROCEDURAL HISTORY

The facts of this case arose out of a traffic accident on or about May 27, 2020, on Interstate 85 in Macon County, Alabama.  On January 11, 2022, this Court entered a Memorandum Opinion and Order denying Plaintiff's original motion to remand. (Doc. 22).  Because the facts underlying the dispute remain the same, the Court will not recite herein the facts and procedures of the case as stated in the Court's previous Order. (*See id.* at 2–4).  Pertinent to this Order, Plaintiff renews her motion to remand based on events occurring after the Court found that Alfa properly opted out of the litigation, was a nominal party to the litigation, and that its citizenship would not be considered for purposes of diversity jurisdiction.  Plaintiff now claims that Alfa actively participated in the litigation because on August 26, 2022, an attorney representing Alfa in this action "attended [Plaintiff's] deposition," and although he "asked no questions, he brought his laptop and appeared to take notes on it throughout the deposition." (Doc. 38 at 2).  Plaintiff asserts that "ALFA is monitoring discovery in a way that constitutes participation in discovery, and therefore ALFA never truly opted out of this action." (*Id.* at 1).

## III.  DISCUSSION

The matter comes before the Court on Plaintiff's second motion to remand.  The Court denied her first motion to remand because, under *Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988), an insurer in Alabama has the right to opt out of litigation, whereby it becomes a nominal party and its citizenship will not be considered

for purposes of diversity jurisdiction. *Stevens v. Edwards*, 2022 WL 108016, at *5 (M.D. Ala. Jan. 11, 2022) (Doc. 22).  In accord with *Broyles v. Bayless*, 878 F.2d 1400, 1404 (11th Cir. 1989), the Court began "with the baseline presumption that Alfa [was] a nominal party.  For the Court to [have found] that presumption overcome, Alfa must have taken steps that clearly indicate it [fell] instead under one of the three exceptions explained in *Broyles*." *Stevens*, 2022 WL 108016, at *5.  The exceptions, which the Court found inapplicable to Alfa's actions, include when an insurer (1) "become[s] subrogated to the rights of their insured after payment of the loss," (2) "defend[s] actions brought directly against them," or (3) "assume[s] primary and visible control of the litigation." *Broyles*, 878 F.2d at 1404.  Alfa's actions up to that point—which did not overcome nominal status—included answering the complaint, denying liability, asserting affirmative defenses, seeking a protective order, and expounding minimal discovery. *Stevens*, 2022 WL 108016, at *4.

In Plaintiff's renewed motion to remand, she asks the Court to conclude that new evidence demonstrates that Alfa is participating in litigation such that it is not a nominal party, and thus its active presence in the litigation defeats federal diversity jurisdiction.  But the fact that one of Alfa's attorneys attended a deposition and took notes on his laptop does not rise to the level of active participation to defeat its nominal status in the case.  Merely attending a deposition without asking questions does not constitute active participation.  In fact, this participation falls significantly below they type of activity that this Court and others have found insufficient to defeat nominal status. *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989) (moving to dismiss, renewing a motion to dismiss, minimally participating

in liability proceedings, but "not substantially control[ling] the litigation"); *Stevens*, 2022 WL 108016, at *4 (answering the complaint, denying liability, asserting affirmative defenses, seeking protective orders, and expounding minimal discovery); *Germinaro v. Null*, 2022 WL 3701980, at *4 (M.D. Ala. Aug. 26, 2022) (answering the complaint, asserting affirmative defenses, and joining other defendants in removing the matter). As in *Toole v. Chupp*, 456 F. Supp. 2d 1218, 1222 (M.D. Ala. 2006), even with the new evidence presented by Plaintiff, Alfa does not appear to be "assuming control of, or seeking to control, the litigation; indeed, the company has opted out of the litigation, agreeing to abide by the outcome of any jury trial."

The Court is particularly unconvinced that Alfa has "assume[d] primary and visible control of the litigation," *Broyles*, 878 F.2d at 1404, because no party has moved this Court to preclude Alfa from attending depositions. To preclude a person from attending a deposition, a party must seek a protective order under Federal Rule of Civil Procedure 26(c)(1), which permits a court, for good cause, to "designat[e] the persons who may be present while the discovery is conducted" or place depositions under seal. *Cf.* FED. R. CIV. P. 30(c) advisory committee's note c to 1993 amendment (excluding depositions from the strictures of Rule 615 sequestration to establish a general rule that "other witnesses are not automatically excluded from a deposition simply by the request of a party"); *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1158 (3d Cir. 1991) ("We must assume from the absence of a protective order that the information disclosed in discovery is potentially accessible to the public.); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775 (1st Cir.1988) ("Unless the public has a presumptive right of access to

4

discovery materials, the party seeking to protect the materials would have no need for a judicial order since the public would not be allowed to examine the materials in any event."); *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 598 (7th Cir. 1978) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." (citing FED. R. CIV. P. 26(c))); *New York v. Microsoft Corp.*, 206 F.R.D. 19, 23 (D.D.C. 2002) (noting that although pretrial depositions are generally "conducted in private as a matter of modern practice," the Federal Rules of Civil Procedure nevertheless "places the onus upon the party seeking to *exclude* others from pretrial discovery" (emphasis in original)).  No party has moved for such an order.  Based upon the foregoing, the Court finds that Alfa remains a nominal party.[2]

## IV.  CONCLUSION

The Court finds that attending a deposition and taking notes does not, under the facts presented here, constitute participating in discovery such that Alfa is not a nominal party. Therefore, diversity jurisdiction remains proper, and remand is not.

Accordingly, for good cause, it is

ORDERED that the Plaintiff's Renewed Motion to Remand (doc. 38) is DENIED.

DONE this 18th day of November, 2022.

                                           /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff, in her reply brief, asks the Court to reconsider its denial of her initial motion to Remand. Notwithstanding the fact that a reply brief is not the proper vehicle by which to present such a request to the Court, Plaintiff fails to provide the basis for such relief.  Accordingly, the Court declines to consider it.